versus the jury. May it please the court. Mike Rayfield on behalf of the appellant, James Rosenberg. Whether you view this as a Strickland issue or as a McCoy issue, a criminal defense attorney isn't allowed to tell the jury an account of the facts that his client expressly disagrees with. That isn't a matter of trial strategy or even a matter of attorney competence. It's a violation of the basic principle that a client has the right to tell his story to the jury. And there's no dis- The government suggests that Mr. Roseman really wasn't disagreeing with the facts, but that it was only strategy. In other words, that he never asserted that he did not intend for there to be a shooting. And he just didn't want that to be argued. Two responses to that, Your Honor. First of all, we think the affidavit is very clear that this was Mr. Roseman's own version of what happened. He said, and this is at A1705, that he opposed his counsel's approach not just as a matter of trial strategy, but also because I viewed it as a concession that I had committed an immoral and shameful act. The most logical reading of that statement is that Mr. Roseman believed that he did not commit that act. I don't know that you could say, I don't want to concede that I committed it, but still have committed it. You just don't want to concede it. You don't want to have the opprobrium of conceding that, right? Saying I didn't want him to concede it doesn't mean it didn't happen, right? Well, which gets to my second response, which is that it doesn't matter under McCoy or Strickland whether Mr. Roseman actually believed the facts that he was conveying to his lawyer. I'm not aware of any case that has imposed such a requirement. In fact, in McCoy and in the Ninth Circuit's decision in Reed, the court expressly noted that the defendant's theory of the case was implausible. In Reed, for example, the defendant wanted to say that he believed that he was possessed by a demon and that that led him to commit the crimes. In both of those cases, they were conceding the guilt of the charged crime. In McCoy, I'm reading from McCoy, McCoy said, we hold that a defendant has the right to insist that counsel refrain from admitting guilt. And you can't argue that defense counsel here admitted the guilt of the crime, right? The defense counsel didn't admit your client was guilty of the charge, any of the charged crimes. If the jury believed counsel's arguments, your client would have been acquitted of every count. But that is what happened in McCoy, but McCoy is not limited to its facts. McCoy says that a defendant has the, quote, right to make fundamental choices about his defense and to avoid the objective of the defense, right? Objective of the defense. The objective here was to get a not guilty verdict. Everything else below that falls to the lawyer. Respectfully, I disagree with that, Your Honor. You could say the same thing in McCoy. In McCoy, both the defendant and his lawyer had the same objective, which was to avoid the death penalty. But in doing that, the lawyer was going to concede guilt. That was the difference in McCoy, right? You can't concede guilt without your client's permission. That's the whole thing in McCoy. But the principle underlying, that is the facts of McCoy, but the principle underlying McCoy and in the Strickland-related cases we've cited is that a defendant has the right to make fundamental choices about his defense. And that, in our view, has to include, at the very least, a decision about the basic factual account to tell to the jury and a decision about whether to concede essential elements of the charged crime. You had a defendant who said, I don't want you to admit I'm part of the gang, okay? In a RICO case, the defense lawyer, even if there was overwhelming proof that the defendant was in the gang, he may not have committed the crime charge, but he was in the gang. You're saying the defense lawyer would have to tell the jury my client was not in the gang? Is that what you're suggesting? That's correct. Yes. Suppose the defendant said, I don't want you to admit that the gang existed, or the Gambino crime family. I want you to argue the Gambino crime family does not exist. The defense lawyer would have to follow that argument? I think that would be a different case, but it... Why? It's an element. But I would still say the answer is yes, unless the lawyer has an ethical obligation to... The defendant doesn't want the lawyer to admit that he's a felon, the lawyer wants to stipulate that he's a felon. The lawyer has to follow that instruction, can't say to the jury, even though my client's a felon, he didn't possess the gun? If the evidence is so overwhelming that the lawyer would have an ethical obligation not to present that factual account to the jury, that would be a different case, but that's not what happened here. Mr. Rosemond's counsel did not believe that he was ethically obligated, that the defense was so obviously implausible. I'm looking at the excerpts from Rosemond's affidavit, which are in your brief at 20 to 21. He never actually says, I did not ask anyone to shoot Fletcher. He just says, I want you to argue that. I don't see anywhere where Rosemond says, I never shot Fletcher. Does that matter? It doesn't matter. Why doesn't it matter? It doesn't matter because the rule in McCoy is... Then it seems that it's a matter of strategy to argue as opposed to what actually happened. It's not. The cases in this area have long drawn a distinction between trial strategy and trial objectives. A lawyer gets to decide things like what objections to make, what witnesses to call, what legal arguments to raise to the jury, but the client gets to decide the objectives of representation. What do we mean by objectives? At minimum... Acquittal. That's the objective of both the client and the lawyer, acquittal, and they were in sync  But that's not the objectives as recognized in McCoy. I think you'd have a stronger argument if Rosemond was saying, I never ordered anyone to shoot, and then defense counsel argued that in fact he ordered someone to shoot. But I don't see that in the record where Rosemond actually factually says, I never ordered anyone to shoot. I only wanted a kidnapping. First of all, we think that the affidavit is clear that that is what Mr. Rosemond told us. What is there in the affidavit that says that? I have it in front of me. I don't see it. It doesn't say outright that I told him I didn't order anyone to shoot, but it does say I viewed his concession as an admission that I committed an immoral and shameful act. And setting that aside... That doesn't mean he didn't do it. Fair enough, Your Honor. But if a client tells the lawyer, I want you to tell this story. He was willing to admit that he hired someone to kidnap the guy, but not that he hired someone to shoot the guy. Is it, he was admitting, hiring someone to commit someone, is that not an immoral and shameful act? I mean, to kidnap someone? It is, but it's a different act than the one that Mr. Rosemond wanted to present to the jury, because that's what he has always believed is what happened. The McCoy violation is complete. When Mr. Rosemond told his lawyer, this is the story that I want you to tell to the jury, and the lawyer went with his preferred approach anyway, even if he viewed that as a better strategy. McCoy doesn't, in no way depends on the plausibility of the defendant's account. It's a right of autonomy that is violated when a defendant makes a choice that's fundamental to his defense, and the lawyer flouts that choice. I'll reserve the remainder of my time. Thank you. We'll hear from the government. May it please the Court, my name is Elizabeth Hanft, I'm an assistant U.S. attorney in the Southern District of New York, and I represent the government on this appeal. Representing the government at trial, too. At the third trial in this case, yes, Your Honor. James Rosemond received a fair trial. Indeed, he received a trial focused on the very issue he previously argued to this Court that his trial should have focused on. He was ably represented by defense counsel of his choosing, and that representation amply met the standard for assistance of counsel. His Sixth Amendment autonomy rights under McCoy were not violated at any time. His counsel never conceded guilt of the charged crime. And unlike in McCoy, Rosemond never raised his alleged disagreement with counsel until many months after his conviction. Why does it matter whether there's a concession to the charged crime versus a concession to a crime? He conceded the directing of a shooting, which is still a crime. Why does it matter? First, Your Honor, I would submit that it is arguable that his counsel even made that concession. Throughout the trial, his counsel vigorously cross-examined witnesses and explored other potential theories, and we cite those arguments in our brief. In the closing argument, counsel indeed focused on the intent issue here, the intent issue that Rosemond has previously argued his trial should have focused on. And in certain instances, his counsel raised the argument, even if the government has proven, you know, that Mr. Rosemond authorized a shooting, he didn't authorize a murder. Now, there are a few isolated sentences, and just a few, where defense counsel said, my client ordered a shooting. In contrast, I would also point the Court to a particular occasion where counsel, in the only strategizing my client did was after the shooting. And so it's arguable whether Mr. Talger made the concession in the first place. But even if he did, none of those concessions, if the jury bought Mr. Talger's strategy, even under the most generous interpretation of that strategy being a full concession to ordering a shooting, Rosemond would have been acquitted on all counts, as Your Honors have stated. The holding in McCoy is limited to admitting guilt because McCoy is concerned with when counsel and defendant's objectives conflict. And here, as Your Honors have pointed out, the objectives of Mr. Rosemond and of his counsel were perfectly aligned. They were both aiming for acquittal. Suppose Mr. Rosemond, in his affidavit, had made clear, factually, that this didn't happen. I didn't order any shooting. Could the lawyer then still make that concession to the jury? So it's a factual concession that the client says it never happened. Can the lawyer make a factual concession that the client says never happened? McCoy nowhere holds that a lawyer cannot make a factual concession over his counsel's objection. It is not about factual concessions. And indeed, in the briefs in McCoy and in the oral argument in McCoy, it was clear that the issue was discussed and the potential danger of allowing post-conviction litigation about every strategic disagreement and every concession made by counsel and what it would mean, which essentially, as Justice Breyer puts it, it would mean defendants walking themselves into jail. You're saying then that under those circumstances, the issue would be ineffective assistance of counsel and not... Under the circumstance in which he made a factual concession. Yes. I think it certainly depends on the context of the factual concession. But the issue would be if it's not, and wouldn't the issue be under that hypothetical, whether by doing what he did or she did, counsel was ineffective. Whether counsel's representation fell below an objective, reasonable, and a standard and whether the defendant was prejudiced, certainly. And the case law is clear that counsel can make certain concessions without even consulting his client. For example... If you had a murder in aid of racketeering case where the lawyer stood up in the summation and said, my client committed the murder, but it was a personal dispute, it wasn't to aid the gang in any way, but the client was telling him, I didn't commit the murder. Under McCoy, that would still be okay? I think that is certainly a closer question, but I think it's so far from the facts here where there is no factual concession that defense counsel made that the record shows,  and second of all, that would have even conceded the actus reus of the charged crimes. Rosamond's brief and counsel in his argument seeks to stretch McCoy beyond recognition, and this court should not extend McCoy's holding. McCoy was concerned... When you look at the Rosamond affidavit and Mr. Talger's affidavit, they clearly are at a different level on what is an important piece of strategy. When does a lawyer... Does a lawyer ever have to defer to the client on a strategic question like that, or is it always the lawyer's absolute call? I think the case law is clear that trial strategy is the lawyer's call. There are fundamental objectives, whether to plead guilty, whether to testify in one's own defense, that are the client's choice, and the case law makes clear what those limited occasions are, but I think trial strategy is firmly within the purview of defense counsel even after McCoy, and that said... Judge Bianco's hypo, admitting a murder but arguing that it wasn't in furtherance, that would be all right? That would just be a matter of strategy? I would submit that that may just be a matter of strategy, and it very much depends, but I think, again... About an affirmative defense, entrapment, duress, if the client says, I don't want you to assert affirmative defense, you say, I didn't do it, and the lawyer says, that's crazy, we're going to argue duress, we're going to argue entrapment, that's okay? Affirmative defenses are a different story, and I think there is some case law, including in this circuit, that affirmative defenses may fall within a client's purview, and a client may ultimately be able to decide that. But this is not that case. This does not involve the concession of guilt. It does not involve a concession of guilt as in McCoy, and it does not involve an affirmative defense like pleading not guilty by reason of insanity in the Reid case in the Ninth Circuit. Unless the court has further questions, we'll rest on our submissions. Thank you. We'll hear from the bottom. Thank you, Your Honor. I just want to address my colleague's assertion that this was an isolated statement in the closing argument. This is what Mr. Rosemond's counsel said, which was even more devastating than what Mr. Rosemond could have anticipated. He told the jury outright, quote, Jimmy did set up the shooting, that's A1573. He paid for a shooting, A1543. His intent was only to shoot him, meaning Fletcher, but unfortunately for everyone involved, one of the bullets had to hit the wrong spot. That's A1551, 1567. And now, then the government in its rebuttal understandably pounced on this statement. They said, quote, there is one thing that is important here. He said Rosemond did set up the shooting. That's A1592. So both Mr. Rosemond and the government agree that this was a critical concession, and it was because this was the central factual dispute in the case. The government's central theory was that Mr. Rosemond paid for a shooting and killing of Fletcher, and that was directly contrary to what Mr. Rosemond told his counsel to say. That has to be a McCoy violation if there is, if there, if any exists. If we agree with you in this case, wouldn't we be saying that a lawyer can't concede an element without the client's permission? Isn't that the result of what you're asking us to do? I agree that the court, that, that. Any element of the crime would have to come from, the lawyer could not concede any element of the crime without the client's permission. Isn't that really what you're arguing? Not quite, Your Honor. It would be that, that if the client objects to admitting an element of the crime, then, then, yes, that's, that's correct. Doesn't that undo decades of law that says arguments to the jury are up to the lawyer? And then you could get into cross-examination then if, if the lawyer then would have to cover certain things in cross-examination, be consistent with what the defendant believes the facts are or the elements that should be disputed are. It would undo decades of law, right? That would not undo any law. When, when the, when the cases talk about arguments that the lawyer, that the lawyer, when the cases say that the lawyer's province is, that arguments are within the lawyer's province, it's talking about legal arguments. That goes back to a case, Jones v. Barnes, 463 U.S. 745. This is- No, but a legal argument is what elements the government has satisfied or not satisfied, right? So going back to my original hypothetical about being in the gang or the gang's existence, where it could not stand up and say, you know, this gang may exist, but my client wasn't a member or my client was a member, but he didn't commit this crime, where it couldn't do that unless the client okayed it, right? Those arguments would be off limits to a lawyer without the client's permission. If the client objects to, to a lawyer's admission as to a central element of the claim, that is a violation of McCoy, yes. But this is not just any old element. This is the, the, the basic factual account that, that, that the government, that the government was, was raising with the jury and that Mr. Rosemond wanted to, wanted to contest as the affidavits make clear. If you think that the affidavits are not, are not clear enough, then, then, well, first of all, we don't, it doesn't, it shouldn't matter if the affidavits are clear enough. What, what, what, what matters is, is that Mr. Rosemond told his lawyer, this is what I want you to tell to the jury. Does it really matter that in the prior appeal, this was the argument that you told this court your client wanted to make, one of the arguments, I guess, that your client wanted to make? If this was something he didn't believe in, why was that given as the basis for, we want a new trial? Well, in the last appeal, the issue, the, the problem in the last appeal was that the district court didn't allow Mr. Rosemond to address the element of intent at all. We're not saying that, that Mr. Rosemond. We want to argue, we want to argue it's a non-fatal shooting, right? Wasn't that one of the arguments? The argument was, was that Mr. Rosemond should have been allowed to say that this was not a, that there was no intent to kill and that there was either a non-fatal shooting or an, or a, a kidnapping. We, we never wanted, intended to include, to, to foreclose the, the kidnapping argument. And that was what, as it turned out, Mr. Rosemond wanted to present to the jury and his lawyer violated. One of the theories was that there was an intent to shoot, but not to kill. One of the theories, I'm sorry. And one of the theories in the last appeal was, you know, when you want it to, Mr. Rosemond wanted to argue that there was an intent to shoot, but not an intent to kill. Yes. That was, that was an argument that, that we were, that we thought should have been at least permitted to hit. Now you're saying that, that, that, that is not an argument that counsel should have pursued, even though it was a possible argument that you put forth to this court on the last appeal. That's correct. Because Mr. Rosemond informed his counsel that he did not want to present that theory at trial, which is what, and that's a violation of his right of autonomy under McCoy. Thank you, Your Honor. And we would ask the court to reverse. Thank you. We'll reserve decision.